UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61766-Civ-COOKE/TURNOFF

TERRENCE A DAVIS, Individually
and as Next Friend for the Minors
D.A DAVIS. and T.A. DAVIS,

    Plaintiff,

vs.

DANIELE A. DAVIS, *et al*.,

    Defendants.
_____/

## ORDER OF DISMISSAL

THIS MATTER is before me on the motions to dismiss filed by Defendants Judge Marina Garcia-Wood, ECF No. 8; Michael J. Satz, ECF No. 16; Sheriff Alfred T. Lamberti,[1] Deputy Dimos Charoudis, Deputy Ronald Faircloth, and Deputy L. Samuels, ECF No. 17; and Daniele A. Davis, ECF No. 36. I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the motions are granted and this case is dismissed in its entirety.

### I. BACKGROUND

On September 10, 2012, Plaintiff, Terrence Davis, proceeding *pro se*, sued Daniele A. Davis, his ex-wife; the Honorable Marina Garcia-Wood, Judge for the Seventeenth Judicial Circuit Court in Florida; Michael J. Satz, State Attorney; Alfred T. Lamberti, Broward Sheriff; Dimos Charoudis, Broward Police Officer; Ronald Faircloth, Broward Police Officer; L. Samuels, Broward Police Officer, Jeanne Neil, a Child Protection Services Investigator, Mary

---

[1] Alfred Lamberti was sued in his individual and official capacity, as Sheriff of Broward County. On January 8, 2013, however, Scott Israel was sworn in as the Sheriff of Broward County. *See* Notice of Substitution of Party, ECF No. 59. Mr. Davis has since moved for a substitution of party.

Koppit, as "Joseph Conte Jail Facility Commander"; the State of Florida and Broward County on twelve counts: violation of 42 U.S.C §1983 for false arrest (Count I); malicious prosecution (Count II); intentional/negligent infliction of emotional distress (Count III); loss of intellectual properties (Count IV); loss of employment (Count V); negligence (Count VI); negligent supervision (Count VII); gross negligence (VIII); false imprisonment (Count IX); unlawful strip search (Count X); violation of 42 U.S.C. §1985 civil conspiracy (Count XI); and defamation of character (Count XII). Comp. 13-61.

This litigation is premised on Defendants' alleged unlawful actions that lead to Mr. Davis's arrest for domestic violence and criminal prosecution as well as the subsequent adverse rulings in his dissolution of marriage proceedings. Defendants moved to dismiss under various theories, including the doctrine of judicial immunity (Judge Garcia-Wood), the doctrine of prosecutorial immunity (State Attorney Satz); and the Florida litigation privilege (Daniele Davis). Sheriff Lamberti, Deputy Charoudis, Deputy Faircloth, and Deputy Samuels moved to dismiss arguing that the doctrine of res judicata applies. Satz Mot. to Dismiss 3.

## II. LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

2

cause of action will not do.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A complaint is subject to dismissal under Rule 12(b)(6) "when the allegations—on their face—show that an affirmative defense bars recovery on the claim." *Marsh v. Butler Cnty, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998). However, "this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs, Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

### III. DISCUSSION

I find that the doctrine of res judicata bars all claims and warrants the dismissal of this action. Res judicata bars the filing of claims, which were raised *or could have been raised* in an earlier proceeding. *Citibank, N.A. v. Data Lease Financial Corp.,* 904 F.2d 1498, 1501 (11th Cir.1990) (emphasis added). The purpose of the doctrine is to protect a party's adversaries from the expense and vexation of multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (citing *Montana v. United States*, 440 U.S. 147 (1979)). Under Eleventh Circuit precedent, a claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision

was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. *Ragsdale*, 193 F.3d at 1238.

The first three prongs are easily met. On August 15, 2011, Mr. Davis sued the above Defendants, among others, alleging various claims. *Davis v. Broward County*, Case No. 11-cv-61819. I presided over that case. The record shows that each of the Defendants in this case was a party to the first action. The defendants moved to dismiss, and on January 31, 2012, I granted the motions and dismissed the case in its entirety with prejudice for failure to state a cause of action. *Davies v. Broward County*, Case No. 11-61819-Civ-Cooke/Turnoff (S.D. Fla., Jan. 31, 2012); ECF No. 43. My order of dismissal was a final judgment on the merit. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399, n.3 (1981) (finding that the dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a "judgment on the merits"). Finally, I had jurisdiction because Plaintiff asserted several federal claims, including a claim under the Racketeer Influenced and Corrupt Organizations Act and violations of Plaintiff's constitutional rights. *See* 28 U.S.C. §1331.

Now, turning on the fourth prong, claims are part of the same "cause of action" when they are based on the same factual predicate or came from the same nucleus of operative facts. *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269-70 (11th Cir. 2002). If they did, they are the "same" for the purposes of res judicata. *See id.* It is a fact-based inquiry. *See id.* The doctrine is concerned with the substance, and not the form, of the proceedings. *See id.*

An analysis of the allegations in the operative complaints ("Complaint I" and "Complaint II") in each lawsuit reveals that the claims asserted against Defendants arise from the same nucleus of operative facts: *i.e.* Defendants' alleged unlawful actions that lead to Mr. Davis's

4

arrest for domestic violence and criminal prosecution, as well as the subsequent adverse rulings in his dissolution of marriage proceedings. In the first lawsuit, Mr. Davis refers to the investigation and "entire underlying criminal prosecution [of the domestic violence case] and its affiliated related civil litigation, (involving two minor children)." *See* Comp. I 8, ECF No. 1. In the second lawsuit, Mr. Davis also bases his claims on his arrest for "Burlary/Assault of Battery," the ensuing domestic violence case, and the divorce proceedings in front of Judge Garcia-Wood. *See* Comp. II 8, ECF No. 1 ("Davis files this civil suit alleging twelve (12) counts of violation of 42 U.S.C. §1383 and 1385 in connection with his arrest, detention, and prosecution; also including State law claims for false arrest and malicious prosecution"). An analysis of the allegations against each Defendant also shows that the claims are based on the same predicate than the lawsuit, even though the allegations are described in more details in the instant lawsuit.

**Daniele A. Davis, Mr. Davis' ex-wife**

In the first lawsuit, Mr. Davis alleged that Daniele Davis "was able to manipulate the system" by making false allegations of domestic violence in order to terminate Plaintiff's parental rights. Comp. I 10-11. In the instant lawsuit, Mr. Davis alleges that Daniele Davis designed a "scheme," alleging domestic violence to terminate Mr. Davis parental rights. Comp. II 14.

**The Honorable Marina Garcia-Wood, Judge for the Seventeenth Judicial Circuit Court in Florida**

In both lawsuits, Mr. Davis's claims are based on the adverse orders that Judge Garcia-Wood issued when she was presiding over marriage dissolution proceedings to which Mr. Davis was a party. *See, e.g.*, Comp. I 11; Comp. II 29-30.

5

**Michael J. Satz, State Attorney**

In both complaints, Mr. Davis's claims against Michael Satz arise from his role as state attorney in the domestic violence criminal prosecution. *See e.g.* Comp. I 4-5; Comp. II 31-33.

**Alfred T. Lamberti, Broward County Sheriff**

Even though Mr. Davis did not clearly articulate allegations against Alfred Lamberti in the first Complaint, Mr. Davis's claims against Mr. Lamberti in both lawsuits are based on his failure to prevent, in his supervisory capacity, alleged illegal acts in connection with Mr. Davis's arrest, criminal prosecution and detention. *See, e.g.*, Comp. I 4 ("Alfred T. Lamberti . . . was acting under the color of authority as State Official of Broward County, Florida Official, to the unlawful detriment of Plaintiff"); Comp. II 30-31; 38-39. Mr. Davis' Response to Alfred Lamberti's Motion to Dismiss in the first case confirms that the allegations against Alfred Lamberti are the same than those in the instant lawsuit. *See* Resp. to Mot. to Dismiss. 5, ECF No. 36.

**Dimos Charoudis, Broward County Police Officer**

In both lawsuits, Mr. Davis complained about the alleged negligent investigation conducted by Officer Charoudis in the domestic violence case, which included the alleged failure to take pictures and to gather evidence. *See, e.g.*, Comp. I 14; Comp. II 18-22; 25; 38-39.

**Ronald Faircloth, Broward County Police Officer**

In the first lawsuit, Mr. Davis alleged that Officer Faircloth "took a DVD statement" of his wife where she purportedly contradicted herself. *See, e.g.*, Comp. I 5. In the instant lawsuit, Mr. Davis alleges that Officer Faircloth played an active role in the criminal proceedings by signing the criminal complaint, while knowing that the statements of Mr. Davis's wife purportedlywere unreliable. *See* Comp. II 23; 26.

### L. Samuels, Broward County Police Officer

In both lawsuits, Mr. Davis raised allegations that Officer Samuels filed a false incident report regarding an altercation between Mr. Davis and another inmate. *See* Comp. I 14; Comp. II 18-22; 25; 34-36.

### Jeanne Neil, a Child Protection Services Investigator

Mr. Davis sued Jeanne Neil, a child services investigator, in the first lawsuit but did not clearly articulate the allegations against her. *See* Comp. I 1. However, in both lawsuits, Mr. Davis alleged that the defendants committed illegal acts in connection with Mr. Davis's arrest, criminal prosecution, and detention. *See, e.g.*, Comp. I 4 ("All the remaining Defendants will be described herein regarding the various roles they played in this conspiracy to deprive and deny Plaintiff of his constitutional rights and liberties"); Comp. II 22-23; 26-28; 58-59. In the instant lawsuit, Mr. Davis alleges that Ms. Neil prepared a false report regarding the existence of Mr. Davis prior criminal history. Comp. II 22-23; 26-28; 58-59. Accordingly, in both lawsuits, Mr. Davis sued Ms. Neil for her role as child services investigator in Mr. Davis domestic violence case.

### Mary Koppit, as Joseph Conte Jail Facility Commander

Mr. Davis sued Mary Koppit, as "Joseph Conte Jail Facility Commander," in the first lawsuit but did not clearly articulate the allegations against her. *See* Comp. I 1. However, the only fact relating to the jail facility is the altercation between Mr. Davis and another inmate. *See id.* at 14. In the instant lawsuit, Mr. Davis alleges that Ms. Koppit helped L. Samuels prepare a false sworn affidavit regarding his physical altercation in detention. Comp. II 36-37. Accordingly, in both lawsuits, Mr. Davis sued Ms. Koppit, for her alleged role in connection with the altercation.

**The State of Florida and Broward County**

Mr. Davis sued the State of Florida, Broward County in both lawsuits, and in both lawsuits the allegations against these entities are lacking. Since the facts alleged in both Complaints relate to Mr. Davis's arrest for domestic violence and criminal prosecution as well as the subsequent adverse rulings in his dissolution of marriage proceedings, Mr. Davis's claims against the State of Florida and Broward County, insofar as they relate to these facts, are barred by the doctrine of res judicata.

Because I find that the doctrine of res judicata bars all of Mr. Davis's claims as a matter of law, I will not address Defendants' alternative arguments.

### IV. CONCLUSION

For the reasons explained in this order, it is **ORDERED and ADJUDGED** that:

1. The motions to Dismiss, ECF No. 8; 16; 17; and 36 are **GRANTED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk is directed to **CLOSE** this case.

4. All pending motions are **DENIED** as moot.

**DONE and ORDERED** in chambers, at Miami, Florida, this 30TH day of January 2013.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*